```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
          CAMDEN VICINAGE
```

| | |
|---|---|
| PATRICIA GETLER,<br><br>          Plaintiff,<br><br>      v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>          Defendant. | Civil No. 17-5330 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Patricia Getler from a denial of social security disability benefits on February 3, 2016, which was upheld by the Appeals Council on May 17, 2017. [Record of Proceedings, "R.P.", p. 1-5]

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. <u>**STANDARD OF REVIEW**</u>

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual

decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

2

engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

## II.  FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born in 1970, and was 40 years old at the alleged onset date. [R.P., p. 11] She applied for Social Security Disability Benefits on July 31, 2012, alleging an onset of disability of May 1, 2011. [Id.][1]

A disability hearing was held on August 7, 2015. The ALJ heard testimony from Plaintiff and the Vocational Expert. The administrative record contains extensive medical records documenting Plaintiff's ailments. Consistent with Plaintiff's testimony at the hearing, the record demonstrates that Plaintiff's primary problem is her neck and back. She suffers from both

---

[1] At the disability hearing Plaintiff amended the alleged onset date to May 1, 2012. [R.P., p. 11]

cervical and lumbar degenerative disk disease with radiculopathy, which cause her severe pain. As reflected in the medical records and the ALJ's decision, Plaintiff has an extensive history of taking opioid medications prescribed and managed by her primary care physician, Dr. Winfield, in order to control her pain. [See ALJ decision, R.P., p. 24-29, summarizing the medical records concerning Dr. Winfield's treatment of Plaintiff's pain with varying combinations of Percocet, Hydrocodone, Opana ER, Tylenol #4, Roxicodone, Fentanyl, and MS Contin from 2010 through 2015]

III. **ALJ'S DETERMINATION**

The ALJ concluded that "the claimant has not been under a disability as defined in the Social Security Act from May 1, 2012." [R.P., p. 43] Relevant to the issue presented on appeal, the ALJ found at step two of the five-step sequential analysis that Plaintiff's fatigue was not a severe impairment. [R.P., p. 14] Although the ALJ's 34-page decision is lengthy and largely comprehensive, the decision's discussion of Plaintiff's fatigue is rather sparse.[2] The decision states,

> The claimant reported to Dr. Winfield on May 28, 2015 that she was very fatigued and confused (Exhibit 11F).

---

[2] As the decision discusses, Plaintiff's alleged impairments were numerous. Plaintiff alleged disability based on lumbar and cervical degenerative disk disease, obesity, anxiety and major depressive disorder, hypertension, migraines, asthma, thyroid cancer, fatigue, confusion, acute sinusitis, kidney stones, bronchitis, hay fever, indigestion, anemia, bilateral nephrolithiasis, leg cramps, allergic rhinitis, gastroesophageal reflux disease and contact dermatitis. [R.P., p. 14]

5

> She was to undergo an MRI of the liver.
>
> The undersigned finds no diagnosis to establish a medically determinable impairment related to the claimant's symptoms of fatigue and confusion (Exhibit 11F). There is no evidence that she underwent the MRI Dr. Winfield ordered or the results of the study. As a result, due to the absence of signs and laboratory findings, the undersigned concludes that the claimant's fatigue and confusion are not medically determinable (SSR 96-7p).

[R.P., p. 18]

Notably, Exhibit 11F, cited by the ALJ, documents that Plaintiff was taking Oxycodone and MS Contin at the time she complained of being "very fatigued." [R.P., p. 545]

## IV. <u>**ANALYSIS**</u>

Plaintiff argues that the ALJ's determination that Plaintiff's fatigue is "not medically determinable," and therefore non-severe, is not supported by substantial evidence because the ALJ apparently overlooked medical records provided by Dr. Winfield and Dr. Sabia stating that Plaintiff's pain medications "cause fatigue." [R.P., p. 472] In particular, Dr. Sabia's Medical Source Statement, dated August 19, 2015, states that a side effect of Percocet is "drowsiness, lethargy, and/or fatigue" and that Plaintiff will "unpredictably" "need to supine rest (lie down or recline) for at least a total of 1½ - 2 hours . . . on a daily basis." [R.P., p. 664] Likewise, Dr. Winfield's Physical Residual Functional Capacity Questionnaire, dated May 14, 2012, states that fatigue is a "side effect[] of [the] medication" used

6

to treat Plaintiff's "chronic neck pain."  [R.P., p. 472]

Plaintiff argues that the ALJ's decision demonstrates no consideration of the conclusions reached by Dr. Winfield and Dr. Sabia that Plaintiff's pain medications, rather than any potential problem with her liver, cause Plaintiff significant impairment-- i.e., fatigue-- affecting her ability to work.  Thus, Plaintiff reasons, the ALJ's finding of "no diagnosis to establish a medically determinable impairment related to the claimant's symptoms of fatigue" [R.P., p. 18] is undermined by the evidence, and therefore not supported by substantial evidence.

In response, the Commissioner asserts that the ALJ "found the evidence was insufficient to confirm an etiology for" Plaintiff's fatigue.  [Opposition Brief, p. 13]

The Court finds Plaintiff's argument persuasive.  Nothing in the ALJ's decision suggests that the ALJ considered the evidence of fatigue as a side effect of Plaintiff's medications.  If the ALJ did consider such evidence and rejected it, he must say so and articulate a reason. Cf. Stewart v. Sec'y of Health, Educ. & Welfare of U.S., 714 F.2d 287, 290 (3d Cir. 1983) ("In this instance the ALJ failed to provide any explanation for his implicit rejection of Stewart's testimony regarding the effects of the [opioid] medication he took [for his back pain].  Had he credited his testimony, the ALJ would have had to conclude, in view of the vocational expert's testimony, that Stewart's ability

7

to perform light or sedentary work was doubtful. This in turn might well have led to the conclusion that the claimant was disabled. In view of the ALJ's complete failure to explain whether Stewart's testimony concerning the effects of his medication was not credited or simply ignored, and his failure to offer any justification for his action, we will remand the case to the district court with instructions to remand it to the ALJ for reconsideration and further findings."); see generally, Figueroa v. Sec'y of Health, Ed. & Welfare, 585 F.2d 551, 554 (1st Cir. 1978) ("At very least, the administrative law judge should have made a finding on appellant's claim regarding [medication] side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored. We conclude, therefore, that good cause is shown to remand to the Secretary.").

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.). The Court cannot

determine on the present record why the ALJ did not discuss the conclusions of Doctors Winfield and Sabia that fatigue is a side effect of Plaintiff's pain medications.  It may well be the case that, upon remand, the ALJ will arrive at the same ultimate decision that Plaintiff is not disabled.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis. **ACCORDINGLY**, it is on this 27th day of November, 2018,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall close this case.

\_\_\_s/ Renée Marie Bumb\_\_\_
RENÉE MARIE BUMB, U.S.D.J.